UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

GLOBE AMERICAN CASUALTY CO., )
                              )
        Plaintiff,            )
                              )    No. 1:07-CV-232
v.                            )
                              )    *Collier/Lee*
RONALD DAVIS, BOBBY CROSS,    )
TRACY LANNING, ANDREW LANNING,)
E.L., DEBORAH LANNING, RONNIE )
LANNING, and BRANDI LANNING,  )
                              )
        Defendants.           )

**REPORT AND RECOMMENDATION**

**I.     Introduction**

Before the Court in this interpleader action are the motions of Plaintiff Globe American Casualty Insurance ("Globe") pursuant to Fed. R. Civ. P. 55(b) for entry of default judgment against Defendant Ronald Davis ("Davis") [Doc. 23] and Defendant Bobby Cross ("Cross") [Doc. 25]. All non-defaulting parties consented to the exercise of jurisdiction by the magistrate judge and an order of reference was issued by the district judge [Doc. 27].

An evidentiary hearing on Globe's motions for default judgements and a hearing to approve a proposed consent final judgment as to Defendant E.L., a minor ("E.L."), was held on February 8, 2008. Present at the hearing were: (1) attorney Sean W. Martin ("Martin") for Globe; (2) attorney Hubert E. Hamilton, III, for Defendants Tracy Lanning, Andrew Lanning, Deborah Lanning, Ronnie Lanning, Brandi Lanning, and E.L. (collectively the "Lanning Defendants"); (3) Defendant Tracy

Lanning; and (4) Defendant Andrew Lanning. Although notice of the hearing was issued, Defendants Davis and Cross did not appear for, and were not represented at, the hearing.

For the reasons stated herein, I **RECOMMEND** that: (1) Globe's claims against Davis and Cross be **SEVERED** from Globe's claims against the Lanning Defendants under Fed. R. Civ. P. 21; (2) the order of reference as to Globe's motions for default judgment against Davis and Cross be **WITHDRAWN**; (3) Globe's motion for entry of a default judgment against Davis, which terminates any interest or entitlement by Davis in the funds deposited by Globe into the registry of this Court, be **GRANTED**; and (4) Globe's motion for entry of a default judgment against Cross, which terminates any interest or entitlement by Cross in the funds deposited by Globe into the registry of this Court, be **GRANTED**.

## II. Background

Globe filed this action for interpleader on October 4, 2007 [Doc. 1]. Globe timely served all of the Defendants named in its complaint [Doc. 2 - 9 & 11]. On October 29, 2007, the Lanning Defendants filed an answer [Doc. 10], but neither Davis nor Cross filed an answer or other responsive pleading to the complaint. On December 27, 2007, Globe moved for entry of default against Davis and Cross under Fed. R. Civ. P. 55(a) [Doc. 17 & 19]. The Clerk entered default under Rule 55(a) as to Davis and Cross on January 15, 2008 [Doc. 20 & 21]. On January 21, 2008, Globe moved for entry of default judgment under Fed. R. Civ. P. 55(b) against Davis and Cross [Doc. 23 & 25].[1]

---

[1] On December 27, 2007, Globe also moved for entry of default against former Defendant K.H., a minor ("K.H."), under Fed. R. Civ. P. 55(a) [Doc. 18]. The Clerk entered a default under Rule 55(a) as to K.H. on January 15, 2008 [Doc. 22]. On January 21, 2008, Globe moved for entry of a default judgment under Fed. R. Civ. P. 55(b) against K.H. [Doc. 24]. On February 5, 2008, Globe filed a motion to withdraw its motion for a default judgment as to K.H. [Doc. 28] and a motion to set aside the entry of default against K. H. [Doc. 29]. On February 7, 2008, both Globe's motion to set aside the entry of default against K.H and its motion to withdraw its motion for a default judgment as to K.H. were granted and Globe's motion for a default judgment as to K.H. was stricken as moot [Doc. 32]. Also on February 7, 2008, Globe filed a notice of voluntary dismissal without prejudice as to K.H. pursuant to Fed. R. Civ. P. 41(a)(1) [Doc. 33].

A tragic multivehicle accident resulted in the filing of this matter and the interpleading of funds. Globe alleges it issued an automobile insurance policy covering a 2001 Dodge truck [Doc. 1 at 1, ¶ 2]. The insurance policy has limits of $25,000.00 bodily injury per person with a maximum liability per occurrence of $50,000.00 [*id.*]. Globe asserts in this interpleader action that the Defendants are adverse claimants to the insurance policy at issue [*id.* at 2, ¶ 12]. The insurance proceeds, $50,000.00, has been paid into the registry of this Court [*id.*].

Globe's alleges that on or about November 22, 2006, Freddie Ruth was operating the 2001 Dodge truck insured by Globe in Bradley County, Tennessee [*id.* at 3, ¶ 14]. Defendants Cross and K.H. were passengers in the truck driven by Ruth [*id.*]. Freddie Ruth was involved in an accident with a vehicle driven by Defendant Davis and another vehicle operated by Defendant Brandi Lanning [*id.* at ¶ 15]. Defendants Tracy Lanning, Deborah Lanning and E.L. were passengers in the vehicle being operated by Defendant Brandi Lanning [*id.* at ¶ 16]. Defendant Brandi Lanning died at the scene [*id.* at 17].

Globe's complaint further states:

> 18. Tracy Lanning and her husband Andrew Lanning have made a claim to Globe for personal injury.
>
> 19. Deborah Lanning and her husband Ronnie Lanning have made a claim to Globe for personal injury.
>
> 20. There remain additional potential claims by Brandi Lanning (by her parents Ronnie and Deborah Lanning), E.L. (by and through his parents Tracy and Andrew Lanning), Bobby Cross and K.H. (by and through her mother Nicole Hicks).
>
> 21. Since the remaining policy limits are insufficient to satisfy all of these claims, plaintiff is in great doubt as to how much each defendant is entitled to be paid for their respective claims.

[*Id.*].

### III. Analysis

#### A. Severability of Claims Against Davis and Cross

As noted, Globe and the Lanning Defendants have consented to the exercise of jurisdiction by the magistrate judge. However, neither Davis nor Cross has given an unequivocal indication of his consent to the exercise of jurisdiction by the magistrate judge. It appears, however, that the claims against Davis and Cross are severable from the claims against the Lanning Defendants pursuant to Fed. R. Civ. P. 21,[2] which provides, in pertinent part, "[a]ny claim against a party may be severed and proceeded with separately."

"The power to sever claims is committed to the discretion of the district courts." *Boston Post Road Medical Imaging, P.C. v. Allstate, Ins.*, No. 03 Civ. 3923 (RCC), 2004 WL 1586429, * 1 (S.D.N.Y. July 15, 2004) (citing *New York v. Hendrickson Bros.*, 840 F.2d 1065, 1082 (2d Cir. 1988)). The factors considered by courts in deciding to sever claims in a civil suit include:

> (1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present common questions of fact or law;
> (3) whether severance would serve judicial economy; (4) whether prejudice to the parties will be caused by severance; and (5) whether the claims involve different witnesses and evidence.

*Id.*; *In re Zyprexa Products Liability Litigation*, 2004 WL 2812095, * 4.

In *Jones v. City of St. Louis*, 217 F.R.D. 490, 490 (E.D. Mo. 2003), the plaintiff brought an action against the City of St. Louis ("City") and Bill's Towing Service ("BTS"). BTS was dismissed

---

[2] Severance of claims under Fed. R. Civ. P. 21, rather than Fed. R. Civ. P. 42(b), is the correct approach in this situation. Rule 42(b) permits a court to consider some of the claims or issues separately, while holding other claims or issues in abeyance, in a single lawsuit. *In re Zyprexa Products Liability Litigation*, No. MDL 1596, 04-cv-165, 2004 WL 2812095, * 3 (E.D.N.Y. Dec. 3, 2004). On the other hand, severance of claims under Rule 21 results in the creation of separate actions. *Id.* Rule 21 also permits a court to sever claims *sua sponte*. *United States v. National R.R. Passenger Corp.*, No. CIV.A. 86-1094, 2004 WL 1335723, * 6 (E.D. Pa. 2004).

without prejudice under Fed. R. Civ. P. 4(m) for lack of effective and timely service, but was eventually brought into the action. *Id.* Plaintiff and the City consented to the exercise of jurisdiction by a magistrate judge under 28 U.S.C. § 636(c), but BTS made no appearance and filed nothing with the court. *Id.* The plaintiff moved to sever the claims against BTS and reassign them to a district judge in order to permit his claims before the magistrate judge to proceed. *Id.* at 491. The court severed the claims against BTS and the claims against the City proceeded before the magistrate judge. *Id.* A similar results seems appropriate here given the history of the legal proceedings and the current status of the case.

Accordingly, I **RECOMMEND** that: (1) Globe's claims against Davis and Cross be **SEVERED** from Globe's claims against the Lanning Defendants under Fed. R. Civ. P. 21, and (2) the order of reference as to claims against Davis and Cross [Doc. 27] be **WITHDRAWN**. Thus, I will proceed to address the motions for entry of default judgment against Cross and Davis on the basis of a report and recommendation to the district judge.

### B. Default Judgment as to Davis and Cross

"Under 28 U.S.C. § 1335, a district court has jurisdiction of any civil action of interpleader involving money or property worth $500 or more where two or more adverse claimants, of diverse citizenship as defined in 28 U.S.C. § 1332, 'are claiming or may claim to be entitled to such money or property,' if the plaintiff has deposited the money or property with the court." *Sun Life Assur. of Canada, (U.S.) v. Conroy*, 431 F. Supp.2d 220, 224-25 (D.R.I. 2006) (quoting *New York Life Ins. Co. v. Connecticut Dev. Auth*, 700 F.2d 91, 95 (2nd Cir. 1983) (quoting 28 U.S.C. § 1335)). The interpleader statute requires *inter alia* that the stakeholder point to 'two or more adverse claimants' who 'are claiming or may claim' the same money or property that the stakeholder has deposited into

5

court." *Metropolitan Property and Cas. Ins. Co. v. Shan Trac, Inc.*, 324 F.3d 20, 23 (1st Cir. 2003) (quoting 28 U.S.C. § 1335(a)(1)).

Globe satisfied the requirements of 28 U.S.C. § 1335 as it identified two or more adverse claimants (the Lanning Defendants and Davis, Cross and K.H.) to the insurance proceeds it deposited into the registry of this Court. Based upon the allegations, the diversity requirements of 28 U.S.C. § 1332 are satisfied as the complaint indicates Davis and Cross are citizens and residents of Tennessee [Doc. 1 at 1-2, ¶¶ 3-4] and the Lanning Defendants are citizens and residents of Georgia [*id.* at 2, ¶¶ 6-11]. Therefore, I **FIND** Globe's complaint states a claim for relief under the interpleader statute, 28 U.S.C. § 1335.

Obtaining a default judgment is a two-step process: (1) the party seeking a default judgment first files a motion for entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and (2) once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party. *Keesh Construction, Inc. v. United States,* No. 1:02-CV-899, 2004 WL 2536840, *1 n.1 (S.D. Ohio Sep. 28, 2004) (citing Fed. R. Civ. P. 55). Under Fed. R. Civ. P. Rule 55(b)(1), the clerk may enter a judgment by default when the plaintiff's claim is for a sum certain or for a sum which can be computed with certainty and the defendant has been defaulted for failure to appear and is neither an infant nor incompetent. *Palladino v. General Crushed Stone Co.*, No. 96-CV-1355, 1997 WL 67792, *1 (N.D.N.Y. Feb. 13, 1997). In all other cases, the party seeking a judgment by default must apply to the court for entry of a default judgment under Fed. R. Civ. P. 55(b)(2). *Id.* In this instance, because there are competing claims to the money deposited into the registry of this Court and, therefore, the claims are not solely for a sum certain or for a sum which can be computed with certainty, a judgment by default must be entered by

6

the court under Fed. R. Civ. P. 55(b)(2).

Rule 55(b)(2) states, in pertinent part:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary . . . .

Globe, as the party seeking a judgment by default, must establish the following:

> (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services such that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).

*Disney Enterprises v. Farmer*, 427 F. Supp.2d 807, 815 (E.D. Tenn. 2006) (citing *Elektra Entertainment Group*, 226 F.R.D. 388 (C.D. Cal. 2005)). Globe has established the requisite factors for obtaining default judgment against Davis and Cross.

Globe has filed the affidavits of its counsel, Martin, in support of its motion for entry of a default judgment against Davis [Doc. 23-2] and Cross [Doc. 25-2]. With regard to Davis, Martin's affidavits dated January 21, 2008, state, in pertinent part, that the summons and complaint were served on Davis on October 24, 2007 and Davis has neither responded to the complaint nor requested additional time to respond [Doc. 23-2 at 1, ¶ 2], and the summons and complaint were served on

Cross on November 14, 2007 and Cross has neither responded to the complaint nor requested additional time to respond [Doc. 23-5 at 1, ¶ 2]. Martin also filed supplemental affidavits dated February 7, 2008, concerning Globe's Rule 55(b) motions for entry of default judgment against Davis and Cross [Doc. 30 & 31]. Martin's affidavit states that Davis is "neither incompetent nor a member of the military" [Doc. 30 at 1, ¶ 3], and Cross is "neither incompetent nor a member of the military." [Doc. 31 at 1, ¶ 3].

I **CONCLUDE** Globe has satisfied the requirements for obtaining default judgements against Cross and Davis. Moreover, as Davis and Cross have never entered an appearance in this action, the notice requirement of Fed. R. Civ. P. 55(b)(2) does not apply.

In *Federal. Ins. Co. v Adams*, No. 05-cv-00965-MSK-CBS, 2007 WL 1456103 (D. Colo. May 15, 2007), the court addressed the issue of forfeiting an interest in interpled funds by default, holding:

> It has been held that the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted. A default judgment entered against an interpleader defendant thus terminates that party's interest in the fund at issue.

*Id.* at * 7 (internal citations and quotation marks omitted). *See also Conroy*, 431 F. Supp. 2d at 226 ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.").

Therefore, I **RECOMMEND** that: (1) Globe's motion for entry of a default judgment pursuant to Fed. R. Civ. P. 55(b) against Davis [Doc. 23], which terminates any interest or entitlement by Davis in the funds deposited by Globe into the registry of this Court, be **GRANTED**; and (2) Globe's motion for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b) against Cross [Doc. 25], which terminates any interest or entitlement by Cross in the funds deposited by Globe into the

registry of this Court, be **GRANTED**.

IV. Conclusion

For the reasons set forth above, I **RECOMMEND**[3] that:

(1) Globe's claims against Davis and Cross be **SEVERED** from its claims against the Lanning Defendants under Fed. R. Civ. P. 21;

(2) The order of reference as to Globe's claims against Davis and Cross [Doc. 27] be **WITHDRAWN**;

(3) Globe's motion for entry of a default judgment against Davis pursuant to Fed. R. Civ. P. 55(b) [Doc. 23] be **GRANTED** and any interest or entitlement by Davis to the funds deposited by Globe into the registry of this Court be **TERMINATED**; and,

(4) Globe's motion for entry of a default judgment against Cross, pursuant to Fed. R. Civ. P. 55(b) [Doc. 25] be **GRANTED** and any interest or entitlement by Cross to the funds deposited by Globe into the registry of this Court be **TERMINATED**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).